## THE STATE OF MONTANA EX REL. STATE PUBLISHING CO., RELATOR, *v.* ROBERT B. SMITH AND OTHERS CONSTITUTING THE STATE FURNISHING BOARD OF THE STATE OF MONTANA, RESPONDENTS.

[Submitted March 29, 1898. Decided April 4, 1898.]

In an advertisement for bids for furnishing supplies for state officers, a detailed description of the goods were given; there were two bidders; as to some of the articles, the relator bid lower, and as to others his bid was higher than that of his competitor; the advertisement also provided that in case a greater quantity of any article should be needed than was specified, they should be delivered at the prices mentioned in the bid; the difference in the bids was exceedingly small, and it was impossible to tell the exact quantities which would be needed of those articles in regard to which the two bids differed. *Held,* that the evidence did not show that the state board had abused its discretion in determining which was the lowest responsible bid.

MANDAMUS by the State, on the relation of the State Publishing Company, to Robert B. Smith and others, constituting the State Furnishing Board of the State of Montana. Writ denied.

*Walsh & Newman,* for Relator.

*C. B. Nolan,* Attorney General, and *Cullen, Day & Cullen,* for Respondents.

PEMBERTON, C. J.—This is an application for a writ of *mandamus.* From the affidavit of the relator it appears that on the 15th day of November, 1897, the Secretary of State, in compliance with a resolution of the defendant board, advertised for proposals for furnishing certain supplies for the state officers. In pursuance of such advertisement, the relator made and submitted a bid for furnishing the supplies in question. It is alleged that the Independent Publishing Company also bid for the furnishing of such supplies. In the advertisement for bids, the supplies wanted by the board are all described in detail. The bid of the Independent Publishing Company is for the very supplies specifically described in the advertisement. The bid of the relator does not with exact particularity name the same supplies described in the advertisement for bids. This discrepancy, it is shown, caused some confusion when the board came to pass upon the bids. It is also shown by the affidavit that additional supplies, like those advertised for, were to be furnished from time to time in such quantities as might be required by the board during the fiscal year, at the prices named in the accepted bid or proposal.

The Independent Publishing Company's bid for the supplies named in the advertisement amounted to $735.30. The relator contends that its bid for furnishing the supplies in question was in fact $715.42, being $19.88 less than the Independent Publishing Company's bid. Yet it is shown by the affidavit of the relator herein that the clerk of the defendant board was required to prepare a comparative statement of the two bids mentioned above, and that, according to such statement, the relator's bid was $727.36. The board awarded the contract for furnishing the supplies to the Independent Publishing Company, and relator instituted this proceeding for a writ of mandate to require the board to reassemble and award such contract to it, claiming to be the lowest responsible bidder therefor, and to revoke the award of the contract to the successful bidder.

The responsibility of both bidders is admitted. The question for decision before the board was, which is the lower bid?

An inspection of the proposals or bids for furnishing the supplies in question shows that some of the articles are offered at a lower figure by the Independent Publishing Company than by the relator, and *vice versa.*    So that, if the supplies of like kind to be furnished from time to time by the contractor should be largely composed of those articles which the Independent Publishing Company offers at a lower figure than the relator does, we cannot tell whether the relator is in fact the lower bidder of the two.    We could not determine this unless we knew what kind of supplies, and how much of like kind, would have to be furnished by the contractor during the year other than those included in the bid.    Without this showing, which is not made, we cannot say that the relator was in this case the "lowest responsible bidder" for the supplies in question.    The bid was not only for the supplies named in the advertisement, but for supplies of like kind to be delivered as required by the board during the fiscal year.    According to the relator's estimate, there was only a difference of $19.88 in the two bids in question.    On account of the evident uncertainty as to which was the lower of the two bids, as shown by the comparative statement thereof of the clerk, and a failure to show how many supplies like those named in the advertisement and bids would have to be furnished during the year, we are unable to conclude that the board abused its rightful discretion in determining the question as to which of the two bids was the lower and for the better interest of the state.    (See *State ex rel. Eaves* v. *Rickards,* 16 Mont. 145, 40 Pac 210.)    The board had a right to exercise a reasonable discretion in determining which of the two bids was the lower, and we are not able to discover from the showing made by the relator any support for the allegation that the board acted in bad faith in the premises.    The writ is denied.

Hunt and Pigott, JJ., concur.